**FILED IN OPEN COURT**

USAO Rev. 04/24

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Criminal Action No. 25-cr-116-CFC |
| JUSTIN ENRIGHT | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Julianne E. Murray, United States Attorney for the District of Delaware, and Michelle L. Morgan, Assistant United States Attorney, and the defendant, Justin Enright, by and through his attorney, Janet Bateman, First Assistant Federal Defender, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count One of the Indictment which charges him with accessing with intent to view child pornography and attempting to do so, in violation of 18 U.S.C. § 2252(a)(4)(B), (b)(2).

2. The defendant understands that because he has a prior conviction under Chapter 110 of Title 18 and under the laws of the Commonwealth of Pennsylvania relating to the possession of child pornography, the mandatory minimum penalty for Count One is 10 years of imprisonment. The defendant further understand that because he has a prior conviction under Chapter 110 of Title 18 and under the laws of the Commonwealth of Pennsylvania relating to the possession of child

pornography, and because at least one of the visual depictions that he accessed with intent to view was of a prepubescent minor or a minor who had not attained 12 years of age, the maximum penalty is 20 years of imprisonment. The defendant further understand that the penalties include a $250,000 maximum fine; a 5-year mandatory minimum term of supervised release, a lifetime maximum term of supervised release; and a $100 special assessment.

3.  The defendant understands that if there were a trial with regarding to Count One (accessing with intent to view child pornography and attempt), the government would have to prove the following elements beyond a reasonable doubt: (1) The defendant knowingly accessed one or more matters; (2) the matter contained a visual depiction of a minor engaging in sexually explicit conduct; (3) the defendant intended to view the visual depiction of a minor engaging in sexually explicit conduct; (4) the defendant knew both that the material depicted a person under the age of 18 years and that the minor was engaged in sexually explicit conduct; and (5) the matter had been shipped or transported using a means or facility of interstate or foreign commerce or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer, or produced using materials that had been mailed, or using materials that have been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

4.  The defendant is pleading guilty to Count One because he is, in fact, guilty.

5. Pursuant to Section 6B1.4 of the November 1, 2024, edition of the United States Sentencing Guidelines Manual ("U.S.S.G."), the parties enter into the following stipulations:

   a. The parties stipulate and agree that the base offense level is 18 pursuant to U.S.S.G. § 2G2.2.

   b. The parties stipulate and agree that 2 levels are subtracted because the defendant had no intent to traffic in the material, pursuant to U.S.S.G. § 2G2.2(b)(1).

   c. The parties stipulate and agree that 2 levels are added because the materials depict a minor who had not attained the age of 12, pursuant to U.S.S.G. § 2G2.2(b)(2).

   d. The parties stipulate and agree that 2 levels are added because the defendant used a computer to access the materials, pursuant to U.S.S.G. § 2G2.2(b)(6).

   e. The parties stipulate and agree that 5 levels are added because the defendant accessed 600 or more images, pursuant to U.S.S.G. § 2G2.2(b)(7)(D).

   f. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with the acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, it will not oppose a two-level

3

reduction in the Offense Level pursuant to U.S.S.G. § 3E1.1(a). Further, should it be determined that the defendant's Offense Level is 16 or greater prior to the application of the aforementioned two-level reduction, the United States agrees that the defendant's Offense Level should be reduced by one additional level, pursuant to U.S.S.G. § 3E1.1(b), for a total reduction of three levels.

It is understood and agreed that: (1) the parties are free to argue (except as stated above) the applicability of any other provision of the Sentencing Guidelines, including offense conduct, offense characteristics, criminal history, adjustments, cross-references, and departures; (2) these stipulations are not binding upon either the Probation Office or the Court; and (3) the Court may make factual and legal determinations that differ from these stipulations and that may result in an increase or decrease in the Sentencing Guidelines range and the sentence that may be imposed.

      6.     The government agrees to recommend a sentence of imprisonment of 10 years.

      7.     The defendant agrees that he will admit to the violations set forth in the pending Petition for Warrant for Offender Under Supervision in District of Delaware, Case No. 25-cr-37-CFC, (D.I. #14), and the parties agree to jointly recommend a

4

sentence of incarceration of 24 months followed by lifetime supervised release for those violations, to run concurrently with the sentence imposed in this case.

8. The defendant understands that the District Court must consider the United States Sentencing Guidelines, the applicable statutory minimum and maximum penalties, and the factors set forth in 18 U.S.C. § 3553(a) in determining an appropriate sentence. The defendant understands that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence that exceeds, falls below, or is contained within the sentencing range prescribed by the Sentencing Guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the Sentencing Guidelines, is otherwise different than the defendant expected, or is contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

9. The defendant agrees to forfeit pursuant to 18 U.S.C. § 2253(a) any visual depiction described in 18 U.S.C. §§ 2251, 2251A, 2252, 2252A, 2252B, or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in commission of the offenses; (b) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offenses; and (c) any property, real or personal, used or intended to be used to commit or to promote the commission of the offenses or any property traceable to such property (the

"Property"). The defendant agrees to waive any and all interests in any such Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such Property and waives the requirements of Federal Rule of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the judgment, as well as any applicable deadlines required by 18 U.S.C. § 983(a). The defendant acknowledges that he understands that forfeiture of the Property, if the government elects to conduct the forfeiture criminally, will be part of the sentence imposed upon the defendant in this case, and the defendant waives any failure by the Court to advise the defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the guilty plea is accepted. Pursuant to Rule 32.2(b)(3), the defendant will promptly consent to the preliminary order of forfeiture becoming final as to the defendant before sentencing if requested by the government to do so.

10. In exchange for the promises made by the government in entering this plea agreement, the defendant knows that he has, and voluntarily and expressly waives, the right to appeal or collaterally attack his conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law. Notwithstanding the foregoing, the defendant reserves the right to

6

(1) file an appeal or other collateral motion on the grounds that he received ineffective assistance of counsel, and (2) appeal his sentence if: (a) the government appeals from the sentence; (b) the defendant's sentence exceeds the statutory maximum for the offense set forth in the United States Code; or (c) the District Court imposes an "upward variance" above the final Sentencing Guideline range that it determines at sentencing.

11. The defendant agrees to pay the $100 special assessment the day of sentencing. Should he fail to do so, or should he have other outstanding financial responsibilities as a result of his plea of guilty to Count One, the defendant agrees to voluntarily enter the United States Bureau of Prisons' Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

12. This Memorandum expressly incorporates Attachment A, which is attached hereto and filed under seal. The government routinely files such an attachment, even though it may or may not contain additional terms. To the extent, however, that Attachment A contains additional terms, the parties acknowledge and agree to be bound by those terms.

13. The defendant understands that, as was the case with his prior conviction relating to the possession of child pornography, by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition

7

of supervised release, pursuant to Title 18, United States Code, Section 3583(d). The defendant also understands that, independent of supervised release, he will be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life. The defendant understands that he shall keep his registration current and shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. The defendant shall comply with requirements to periodically verify in person his sex offender registration information. The defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If he resides in Delaware following release from prison, the defendant will be subject to the registration requirements of the State of Delaware. The defendant further understands that, under Title 18, United States Code, Section 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

14. As a condition of supervised release, the defendant shall initially register with the state sex offender registration agency in Delaware, and shall also register with the state sex offender registration agency in any state where the defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration

information. The defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

15. The defendant acknowledges that the possession and dissemination of child pornography causes further harm to the children depicted in those images. *See Paroline v. United States*, 134 S.Ct. 1710 (2014) and *New York v. Ferber*, 458 U.S. 747 (1982). Thus, the defendant acknowledges that the minors depicted in the images he possessed were harmed as a result of his own criminal conduct. The defendant understands that: (1) pursuant to Title 18, United States Code, Section 2259, the Court is required to order restitution for the full amount of all identified victims' compensable losses as may be proved by the United States by a preponderance of the evidence or stipulated to by the parties; (2) the Court may not decline to award restitution because of the defendant's economic circumstances or the fact that the victims have, or are entitled to receive, compensation for their injuries from the proceeds of insurance or any other source; and (3) an unanticipated amount of a restitution order will not serve as grounds to withdraw defendant's guilty plea. The defendant agrees to comply with any and all restitution ordered by the Court at the time of sentencing.

16. It is further agreed by the undersigned parties that this Memorandum – together with sealed Attachment A – supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises,

representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification provisions of this paragraph.

                                                JULIANNE E. MURRAY
                                                UNITED STATES ATTORNEY

_____     By: _____
Janet Bateman                                Michelle L. Morgan
First Assistant Federal Defender       Special Assistant United States Attorney
Counsel for Defendant

_____
Justin Enright
Defendant

Dated: September 30, 2025

        **AND NOW**, this __30th__ day of ____September____, 2025, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

                                                  _____
                                                  THE HONORABLE COLM F. CONNOLLY
                                                  UNITED STATES DISTRICT JUDGE